UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BANK SOYUZ,                )<br>                            )<br>        Plaintiff,         )<br>v.                          )<br>                            )    Civil Action No. 05-1073 (RCL)<br>OFFICE OF FOREIGN ASSETS    )<br>CONTROL,                    )<br>                            )<br>        Defendant.          )<br>_____ ) | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**INTRODUCTION**

Plaintiff filed its complaint in the instant case on May 27, 2005, seeking to obtain a license from the Office of Foreign Assets Control ("OFAC") at the U.S. Department of the Treasury that would enable Plaintiff to access approximately $450,000 that had been frozen at the Israel Discount Bank of New York. The money was frozen pursuant to Executive Order No. 13067, which blocked all interests in property of the Government of Sudan that came within the United States on or after November 3, 1997. The money was being sent to an account at the Islamic Co-Operative Development Bank in Khartoum, Sudan, which had been blocked by OFAC for its ties to the Sudanese government.

Defendant requested an extension of time, until September 30, 2005, in which to respond to the complaint, in order for the parties to engage in negotiations in an effort to resolve the case. A second request for extension was filed on September 26, 2005, and granted on September 27, 2005. Defendant's response to the complaint is presently due on October 31, 2005.

On September 20, 2005, OFAC informed Plaintiff that it would license the release of the

funds to Plaintiff. On October 15, 2005, Plaintiff filed a Suggestion of Mootness, informing the Court that its complaint had been rendered moot and that dismissal with prejudice would be appropriate, each party to bear its own fees and costs.

## ARGUMENT

**THE COURT SHOULD DISMISS THIS CASE AS MOOT.**

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a cognizable interest in the outcome." U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 395 (1980). "In such a case, a court has no jurisdiction because Article III of the Constitution limits federal judicial power to resolution of cases and controversies." Zearley v. Ackerman, 116 F. Supp. 2d 109, 112 (D.D.C. 2000). The D.C. Circuit has thus held that "[e]ven where litigation poses a live controversy when filed, the [mootness] doctrine requires a federal court to refrain from deciding it if 'events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'" Clarke v. United States, 915 F.2d 699, 701 (D.C. Cir. 1990) (en banc) (citation omitted).

Here, the injury complained of in the complaint no longer exists, and there remains no ongoing controversy before the Court. Indeed, Plaintiff itself has suggested to the Court that this case is moot because OFAC has granted the license sought by Plaintiff.[1] Given the agreement of the parties that this action is moot, there should be no need for further action in this case, including the filing of a response to the complaint. Accordingly, because the factual premise for Plaintiff's claim no longer exists, Defendant requests that the Court dismiss the case with

---

[1] Because Plaintiff filed its Suggestion of Mootness before an answer to its complaint had been filed, its suggestion could be construed as a voluntary dismissal. In any event, should the Court appreciate fuller briefing on the issue of mootness, Defendant would be happy to comply.

prejudice.

## **CONCLUSION**

For the reasons stated herein, the Court should dismiss this case as moot.

Dated: October 31, 2005	Respectfully submitted,

	PETER D. KEISLER
	Assistant Attorney General

	  /s/  Daniel Riess
	SANDRA SCHRAIBMAN (D.C. Bar No. 188599)
	DANIEL RIESS (Texas Bar No. 24037359)
	Civil Division
	United States Department of Justice
	Tel: (202) 353-3098
	Fax: (202) 616-8460
	Email: Daniel.Riess@usdoj.gov

	Mailing Address:
	Post Office Box 883
	Washington, D.C.  20044

	Courier Address:
	20 Massachusetts Ave., N.W.
	Room 6122
	Washington, D.C. 20001

	*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October, 2005, I caused the foregoing Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss Plaintiff's Complaint to be served via electronic case filing.

/s/ Daniel Riess
Daniel Riess